NATHAN C. KOUNS, Petitioner, *v.* DANIEL M. DRAPER, State Auditor, Respondent.

1. *County Attorney — Vacancy in office of, not created by indefinite absence.*— Under the provisions of section 31, chapter 18, Gen. Stat. 1865, the absence of the county attorney from the county, although for an indefinite time, does not create a vacancy in his office.

2. *County Attorney — Appointment of substitute in his absence does not create or presume a vacancy in his office.*—Under the provisions of section 26, chapter 18, Gen. Stat. 1865, where the county attorney is unable to attend as required by law, and some other person is appointed to act for him, it is not to be considered that the office is therefore vacant, and that the State or county is to be charged for the services which the law makes it the duty of the official attorney to perform.

*Petition for Mandamus.*

*N. C. Kouns, pro se.*

I. The costs in the case of The State v. Finley, of which the attorney's fee is part, must be paid by the State, and not by the county. (Gen. Stat. 1865, ch. 219, § 10.)

II. The justices of the peace not only had the power, but it was their duty, to appoint some one to represent the State in the case. (Gen. Stat. 1865, ch. 18, § 26.)

III. The compensation provided for in section 31, chapter 18, has no reference to the fees of the county or circuit attorney, because these officers get no fee unless there be a conviction; and their salaries are paid as compensation for cases in which there is no conviction. But the "competent person" appointed as prosecutor by the justice is entitled to compensation, whether the defendant be convicted or not.

IV. The sense of the law is (§§ 26, 31, ch. 18) that the State shall be represented; and the very object of the law would be

defeated if the word "vacancy" (§ 31) should be so construed as to deprive the justice of the power to appoint, if there is actually a county attorney. Such a construction would have made it necessary for the justices to have kept the defendant under guard or in prison for an indefinite time, in consequence of the absence of the county attorney, which the law does not intend.

V. Taking the whole law together, the only fair construction of it is that the words "vacancy in office" mean to give the justice power to appoint, either where there is no county attorney or where he is unavoidably absent.

VI. Justice requires that the "competent person" appointed by the magistrate in the absence of the county attorney should be paid for the services which he rendered to the State. In this case there is no provision of the law which makes the county responsible. By section 31, chapter 18, the attorney's fee must be "taxed as costs in such cause;" and by section 10, chapter 219, such costs must be paid by the State.

*H. B. Johnson*, attorney-general, for respondent.

I. The law prohibits the payment of such costs out of the State treasury. (Gen. Stat. 1865, ch. 18, § 27.)

II. Such services can only be contracted for when there is a vacancy in the office of county attorney. (Gen. Stat. 1865, ch. 18, § 31.) Absence does not create a vacancy.

CURRIER, Judge, delivered the opinion of the court.

This is a *mandamus* proceeding, and involves a construction of section 31, chapter 18, Gen. Stat. 1865, which provides for cases of vacancy in the office of county attorney. The petition avers that "the county attorney for Callaway county was" absent from said county "for an indefinite time" on the occasion when the petitioner rendered the service set out in the petition; and that the petitioner rendered the services charged under the appointment of two justices of the peace, before whom a criminal proceeding was pending. It is contended that the "indefinite" absence of the county attorney from the county

created a "vacancy" in the office, within the meaning of the statute (ch. 18, § 31).

Section 22, chapter 18, Gen. Stat. 1865, authorizes county courts to appoint county attorneys. Sections 24 and 25 define their duties, one of which is to "prosecute, on behalf of the State, all cases before justices of the peace, where the State is made a party thereto;" and section 26 prohibits justices from proceeding with such cases in the absence of the attorney, unless " some one properly qualified to prosecute for him" is present.

Section 31 is as follows: "If, at any time, there should be a vacancy in the office of county attorney for any county, it shall be the duty of the judge or justice of the peace before whom any cause, as hereinbefore provided for, shall be pending, to appoint some competent person to represent the State in such cause, and fix his compensation therefor, which shall be taxed as costs in such cause." The petition shows that the county attorney was absent from the county on the particular occasion in question; but did that absence from the county create a "vacancy" in the office, within the meaning of section 31 ? We think not.

The term "vacancy," as applied to an office, means a place or post unfilled; an office that is not occupied. There is nothing in the petition to show that the office of county attorney for Callaway county was unoccupied—that there was no person occupying or filling it at the time these services are claimed to have been rendered. On the other hand, the implication on the face of the petition is that the office was filled, and that the officer was absent—whether for an "indefinitely" short or long time does not appear.

Section 26, chapter 18, is constructed on the theory that cases would arise where the county attorney might be unable to attend, and accordingly provides, substantially, that in such cases some other person may be brought in to "prosecute for *him*," not the State.

The attorney is at liberty, and it is apparently his duty, to appoint some person to appear as his substitute in his absence, and render the service which the law requires at his hands, and which it is his official duty to cause to be performed. It is not to

be considered, in such cases, that the office of county attorney is therefore vacant, and that the State or county is to be charged with the services which the law makes it the duty of the official attorney to perform.

The application for a peremptory *mandamus* is refused. The other judges concur.